UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MOHAMMAD TAGHI S. NABHANI,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1426

Hon. Hala Y. Jarbou

### DISMISSAL ORDER

Petitioner initiated this action when he was a United States Immigration and Customs Enforcement (ICE) detainee.[1] (Pet., ECF No. 1.) In Petitioner's § 2241 petition, Petitioner challenged the constitutionality of his detention and asked the Court to order Petitioner's immediate release from ICE custody subject to his prior supervision conditions. (*Id.*, PageID.7.)[2]

For the reasons set forth below, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. *See* 28 U.S.C. § 2243 (setting forth that a court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto").

### Discussion

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

---

[1] As set forth herein, Respondents subsequently released Petitioner from custody.

[2] The Court grants Petitioner leave to proceed *in forma pauperis* in this action. (ECF No. 2.)

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

On May 21, 2026, Respondents notified the Court that ICE had released Petitioner from custody subject to an order of supervision. (Order Supervision, ECF No. 9-1.) Under these circumstances, because Petitioner was released from ICE custody, which was the relief that Petitioner sought in his § 2241 petition, the Court will dismiss the action without prejudice.[3]

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 1, 2026                          /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court's resolution of this action, as set forth herein, moots Respondents' pending motion to dismiss (ECF No. 9).

2